UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY SANTANGELO and                           CIVIL ACTION
MICHELLE SANTANGELO

V.                                               NO. 18-11263

OMNI HOTELS MANAGEMENT
CORPORATION                                      SECTION "F"

### ORDER AND REASONS

Before the Court is the defendant's Rule 12(b)(6) motion to dismiss the plaintiffs' claims. For the reasons that follow, the motion to dismiss is GRANTED, in part, as to the plaintiffs' negligent hiring, supervision, and training claims, and DENIED, in part, as to all other claims.

**Background**

This negligence action arises out of two hotel guests' claims that they were assaulted and robbed by strangers who gained access to their hotel room.

In the late summer of 2018, Gregory and Michelle Santangelo, residents of Georgia, traveled to New Orleans, Louisiana for a vacation. During their visit, the Santangelos stayed at the Omni Riverfront Hotel, which is operated by Omni Hotels Management Corporation. On the early morning of September 1, 2018, at approximately 4:00 a.m., the Santangelos were sleeping in their hotel room when they allegedly were awakened by three strangers who had entered the room. According to the Santangelos, the three

1

intruders assaulted, robbed, and videotaped them as they were trapped inside of their hotel room. Following the alleged assault, the Santangelos discovered that the intruders were staying in a nearby hotel room. The Santangelos alerted the front desk of the incident and promptly called emergency services. In response to the call, the Louisiana State Police requested that the hotel's staff seal the intruders' hotel room. Despite this request, the hotel's staff allowed the intruders to re-access their room, which allegedly enabled them to leave the premises with stolen property and other potential evidence. According to the Santangelos, the intruders were able to access their room because the hotel's locks were not functioning properly on the day of the assault. The Santangelos further allege that the hotel staff was aware of the malfunctioning locks but made no effort to warn them.

On October 22, 2018, the Santangelos sued Omni Hotels Management Corporation ("Omni") in the Civil District Court for the Parish of Orleans, alleging the assault and robbery that occurred during their stay at the Omni Riverfront was caused by the defendant's negligence. The Santangelos' petition alleges that Omni, as the operator of the Omni Riverfront Hotel, is directly liable for the damages they sustained, and vicariously liable for the negligence of its employees under the doctrine of respondeat superior. The plaintiffs' petition further asserts that a contributing cause of the robbery was the negligence of the

defendant and its employees in failing to ensure the security of the hotel's rooms as follows:

    (1) Failing to maintain the premises in a reasonably safe condition;
    (2) Failing to maintain the locks in an adequately safe condition;
    (3) Failure to warn guests that the locks were non-functional;
    (4) Failure to safe guard Plaintiff's property, even in the face of specific instructions from law enforcement;
    (5) Negligent hiring;
    (6) Failure to adequately screen prospective employees;
    (7) Failure to adequately train and supervise its employees to ensure their competence to perform their duties;
    (8) Failure to adequately train and supervise its employees in basic security patrol protocols;
    (9) Failure to develop and implement an adequate security plan; and
    (10) Failure to inspect the locks in an adequately safe condition.

The Santangelos' petition requests damages for the economic loss and severe emotional distress they have allegedly suffered.

Omni timely removed the lawsuit to this Court on November 20, 2018, invoking the Court's diversity jurisdiction. It now moves to dismiss the plaintiffs' direct liability claims under Federal Rule of Civil Procedure 12(b)(6), contending that the plaintiffs' petition fails to state a claim for negligent security or for negligent hiring, supervision, and training.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Stated differently, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th

4

Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the

5

'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

II.

As a threshold matter, the Court notes that the defendant's motion to dismiss only challenges the direct liability theories of negligence asserted by the plaintiffs and does not address the plaintiffs' allegation that the defendant is vicariously liable for the negligence of its employees under the doctrine of respondeat superior.[1] Accordingly, in deciding this motion, the Court's analysis is restricted to whether or not the plaintiffs have stated a claim for negligent failure to provide adequate security, and for negligent hiring, supervision, and training.

*A.*

Under Louisiana law, a claim against an employer in direct negligence for failure to provide adequate security and for negligence in hiring, supervising, and training employees "is

---

[1] In its motion to dismiss, Omni states that the plaintiffs' petition asserts "a negligence claim based on *respondeat superior* liability," and "also appears to seek to hold Omni directly liable for its failure to implement an adequate security plan, and negligence in hiring, supervising, and training its employees." Omni further submits that "[p]laintiffs fail to allege sufficient factual allegations to support these direct theories of liability against Omni."

6

governed by the same duty-risk analysis used for all negligence cases in Louisiana." Jackson v. Ferrand, 94-1254 (La. App. 4 Cir. 12/28/94), 658 So.2d 691, 698-701. Thus, to state a claim, the plaintiff must prove the following elements:

> 1. "the defendant had a duty to conform his conduct to a specific standard (the duty element)";
>
> 2. "the defendant failed to conform his conduct to the appropriate standard (the breach of duty element)";
>
> 3. "the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element)";
>
> 4. "the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element)"; and
>
> 5. "actual damages (the damages element)".

Id. at 698 (quoting Roberts v. Benoit, 605 So. 2d 1032, 1051 (La. 1992)).

Louisiana jurisprudence has recognized that "a hotel has a duty to provide adequate security" and "to exercise reasonable care in hiring, retaining, and supervising employees." Id. at 700. Moreover, it is undisputed that the plaintiffs' petition alleges damages for economic loss and emotional distress. Accordingly, whether the plaintiffs have stated a claim for failure to provide adequate security and for negligent hiring,

7

supervision, and training depends upon whether they have alleged sufficient facts to establish the breach and causation elements.

*B.*

As to the duty to provide adequate security, a hotel must "maintain the premises in a reasonably safe condition and . . . warn [guests] of any hidden or concealed peril which was known or reasonably discoverable." Id. (quoting <u>Zerangue v. Delta Towers, Ltd.</u>, 820 F.2d 130, 132 (5th Cir. 1987)). In their petition, the plaintiffs allege that they were sleeping "when three strangers . . . gained access to . . . their hotel room;" that "the locks at the Hotel managed by Defendant were not functioning properly" on the day of the incident; and that the defendant "was aware of the broken locks," "fail[ed] to warn guests that the locks were non-functional," and "allowed the intruders to re-access their room" despite the request of "the Louisiana State Police . . . that the intruders' hotel room be sealed off." Accepting the plaintiffs' factual allegations as true, their petition contains "sufficient factual matter" for the Court to find that the defendant violated its duty to provide adequate security. See <u>Iqbal</u>, 556 U.S. at 678. And common sense instructs that the malfunctioning of locks on hotel room doors, coupled with the failure of the hotel to warn guests of this issue, creates a foreseeable risk that uninvited persons would enter guests' rooms and assault or rob them. In other words, there is an "ease of association" between the danger

of being assaulted or robbed inside of a hotel room and the failure of a hotel to warn guests of the malfunctioning of locks. See Alexander v. Toyota Motor Sales, 13-0756 (La. 9/27/13), 123 So. 3d 712, 715 (quoting Meany v. Meany, 94-0251 (La.7/5/94), 639 So.2d 229, 233). Accordingly, the plaintiffs have stated a claim that the defendant failed to provide adequate security.

*C.*

Although the analysis for the plaintiffs' allegations of negligent hiring, supervision, and training is the same, the result is different. In this regard, the plaintiffs' petition contains the following conclusory and formulaic allegations: "negligent hiring," "failure to adequately screen prospective employees," "failure to adequately train and supervise [] employees to ensure their competence to perform their duties," and "failure to adequately train and supervise its employees in basic security patrol protocols." Notably absent from the plaintiffs' petition is an allegation that the defendant's employees engaged in similar acts of negligence in the past, or that the defendant failed to discover such history through some screening process. Indeed, plaintiffs allege no facts supporting an inference that the defendant knew or had reason to know that their employees were unfit to perform their jobs, that the employees were not properly supervised, or that they were not adequately trained. See Jackson, 658 So. 2d at 700-01 (finding plaintiff stated a claim that hotel-

9

employer breached its duty to exercise reasonable care in hiring and supervising where she alleged that it failed to discover an employee's criminal record prior to hiring him and gave him access to a master key).  In other words, the plaintiffs' attempt to state a claim for negligent hiring, supervision, and training amounts to no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  See Iqbal, 556 U.S. at 678.  Because the plaintiffs have not pled sufficient facts to establish the breach element, the Court finds that they have failed to state a claim for negligent hiring, supervision, and training.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED, in part, as to the plaintiffs' negligent hiring, supervision, and training claims, and DENIED, in part, as to all other claims.

New Orleans, Louisiana, December 10, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE