## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY AND MICHELLE, SANTANGELO | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | * | |
| OMNI HOTELS MANAGEMENT CORPORATION, | * | **Civil Action No.:  2:18-cv-11263** |
| *Defendant/Third-Party Plaintiff* | * | **Judge Martin L.C. Feldman** |
| v. | * | **Magistrate Judge Janis van Meerveld** |
| ALAIYA BENJAMIN | * | |
| and | * | |
| JANE DOE | * | |
| and | * | |
| JOHN DOE | * | |
| and | * | |
| ASSA ABLOY HOSPITALITY INC. | * | |
| *Third-Party Defendants.* | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S AMENDED THIRD-PARTY COMPLAINT AGAINST ALAIYA BENJAMIN, JANE DOE, JOHN DOE AND ASSA ABLOY HOSPITALITY INC.

Defendant/Third-Party Plaintiff, Omni Hotels Management Corporation ("Defendant"), by counsel, states as follows for its Amended Third-Party Complaint against Alaiya Benjamin, Jane Doe, John Doe and ASSA ABLOY Hospitality Inc. (collectively "Third-Party Defendants"):

## INTRODUCTION

1.       The plaintiffs, Gregory and Michelle Santangelo ("Plaintiffs"), have filed a Petition for Damages alleging that on September 1, 2018, Plaintiffs were guests of Omni Riverfront Hotel ("Hotel Premises") when they were awakened by three strangers who gained access to and were inside Plaintiffs' hotel room.

2.       Plaintiffs were occupying Room 627 in the Hotel Premises at the time of the alleged entry.

3.       Plaintiffs allege the three intruders verbally assaulted, robbed, and videotaped Plaintiffs as they were trapped in their hotel room.

4.       Plaintiffs further allege the intruders were able to gain access to their room because the locks were not functioning properly.

5.       Neither Defendant, nor any of its agents, employees, or personnel, committed, or are alleged to have committed, any acts of assault or robbery against Plaintiffs.

6.       Neither Defendant, nor any of its agents, employees, or personnel, installed the locks to Plaintiffs' hotel room.

7.       Alaiya Benjamin, Jane Doe, John Doe are solely responsible for the acts of assault and robbery allegedly perpetrated against Plaintiffs on September 1, 2018.

8.       Upon information and belief, ASSA ABLOY Hospitality Inc. is solely responsible for any malfunction/improper installation of the lock to Plaintiffs' room.

9.       Upon information and belief, Alaiya Benjamin, Jane Doe, and John Doe occupied Room 626 prior to the alleged incident.

10.      To the extent Defendant is found to have any liability to Plaintiffs, Third-Party Defendants are liable to Defendant to the full extent that Defendant may be found liable to

Plaintiffs under the Petition for Damages and any amendments thereto in this action and also are liable for all of Defendant's attorney's fees and costs incurred because of having to defend against Plaintiffs' claims.

## STANDING AND JURISDICTION

11.     This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367. The Court has original jurisdiction over the initial Plaintiffs' Petition for Damages pursuant to 28 U.S.C. § 1332, and the jurisdictional requirements of section 1332 are met with respect to the known Third-Party Defendants, Alaiya Benjamin and ASSA ABLOY Hospitality Inc. The Court has jurisdiction based on complete diversity between the parties to the Third-Party Complaint, which, upon information and belief, reside in different states from Plaintiffs and have an amount in controversy that exceeds $75,000. Further, Defendant's claims in this Third-Party Complaint are so related to the claims asserted by Plaintiffs that they form a part of the same case or controversy.

## THE PARTIES

12.     Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiffs' Petition in state court and at the time of this Third-Party Complaint, Plaintiffs were and still are residents, citizens and domiciles of the State of Georgia.

13.     Defendant and Third-Party Plaintiff is, and was at all times relevant to this Third-Party Complaint, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

14.     Upon information and belief, Alaiya Benjamin is, and was at all times relevant to this Third-Party Complaint, a resident, citizen and domicile of the State of Texas.

15.     Upon information and belief, ASSA ABLOY Hospitality Inc. is, and was at all

times relevant to this Third-Party Complaint, a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

## COUNT I
### EQUITABLE/TORT/COMMON LAW/LEGAL INDEMNIFICATION

16.     Defendant incorporates paragraphs 1 through 15 above, by reference, as if fully set forth herein.

17.     The damages sustained by Plaintiffs, if any, are the direct and proximate result of, or at least a proximate contributing result of, the negligence and/or fault of, individually or collectively, Third-Party Defendants.

18.     The duty of Third-Party Defendants to indemnify Defendant is implied by law to prevent an unjust, unfair and unsatisfactory result, which would result if Defendant had to bear a loss caused by the actions or inactions on the part of Third-Party Defendants who would be unjustly enriched at the expense of Defendant if Defendant discharges liability that should be Third-Party Defendants' responsibility to pay.

19.     Defendant denies any and all liability for Plaintiffs' damages. However, in the event that Defendant is adjudged liable to Plaintiffs, or if Defendant pays any sum to discharge its liability to Plaintiff, then equity requires the obligation to be discharged by Third-Party Defendants who must indemnify (and hold harmless) Defendant for any such judgment or payments, as well as attorney fees and costs of defense.

20.     In the event that Plaintiffs are entitled to recover against Defendant by way of settlement, verdict, judgment, compromise or otherwise, Defendant is entitled to judgment by way of contribution and/or indemnity from Third-Party Defendants for their negligence, active negligence, fault or other liability relating to the allegations in this case.

## COUNT II
### CONTRIBUTION

21.     Defendant incorporates paragraphs 1 through 20 above, by reference, as if fully set forth herein.

22.     Plaintiff claims Defendant is liable unto Plaintiffs jointly, severally and *in solido* with any other tortfeasors.

23.     The damages sustained by Plaintiff, if any, are the direct and proximate result of, or at least a proximate contributing result of, the negligence and/or fault of Third-Party Defendants.

24.     Defendant is entitled to contribution and/or indemnity, as may be appropriate from Third-Party Defendants for all or any portion of the sums for which Defendant may be adjudged liable to the Plaintiff herein.

25.     In the event that Plaintiff is entitled to recover against Defendant *in solido*, with any Third-Party Defendant by way of settlement, verdict, judgment, compromise or otherwise, Defendant is entitled to judgment by way of contribution and/or indemnity from Third-Party Defendants for their negligence, fault or other liability relating to the allegations in this case.

## COUNT III
### BREACH OF CONTRACT

26.     Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth in this paragraph.

27.     In consideration for providing access to and use of Defendant's Hotel Premises, Alaiya Benjamin, Jane Doe, John Doe agreed to abide by the terms of use for the Hotel Premises during their occupancy, presence and/or use of such premises, including, but not limited to, refraining from criminal activity.

28.     In consideration for monetary payment, ASSA ABLOY Hospitality Inc. was contracted to supply and install ASSA ABLOY Hospitality Inc. locksets in the Hotel Premises, including the room occupied by Plaintiffs on September 1, 2018.

29.     To the extent lock on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly, such defect constitutes a breach of contract by ASSA ABLOY Hospitality Inc. in its failure to install and produce a finished product of workmanlike quality, failure to perform the work in a workmanlike manner, and/or failure to furnish and install a properly functioning lockset.

30.     To the extent Plaintiff is entitled to recover against Defendant by way of settlement, verdict, judgment, compromise or otherwise, as a result of the allegations contained in Plaintiffs' Complaint, Third-Party Defendants actions as aforesaid constitute a material breach of contract.

31.     As a direct, natural and proximate result of Third-Party Defendants' breaches of contract, Defendant has sustained losses including attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT IV
### BREACH OF IMPLIED WARRANTIES

32.     Paragraphs 1 through 31 are hereby incorporated by reference as if fully set forth in this paragraph.

33.     ASSA ABLOY Hospitality Inc.'s work, as set forth above, breached its implied warranty of workmanlike performance to Defendant.

34.     ASSA ABLOY Hospitality Inc. knew or had reason to know of the particular use Defendant intended for the locksets, as well as Defendant's particular purpose for buying the locksets, and that Defendant was relying on ASSA ABLOY Hospitality Inc.'s skill or judgment in

selecting and installing the locksets.

35.     To the extent lock on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly, the lockset was not fit for the intended use or for Defendant's particular purpose.

36.     To the extent lock on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly, ASSA ABLOY Hospitality Inc.'s lockset and work, as set forth above, breached its implied warranty of fitness for intended use/particular purpose to Defendant.

37.     To the extent lock on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly, ASSA ABLOY Hospitality Inc.'s lockset was not fit for its ordinary purpose.

38.     As a direct, natural and proximate result of ASSA ABLOY Hospitality Inc.'s breach of its implied warranty to Defendant, Defendant has sustained losses including the cost of obtaining and installing the locksets, attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

**COUNT IV**
**REDHIBITION**

39.     Paragraphs 1 through 38 are hereby incorporated by reference as if fully set forth in this paragraph.

40.     ASSA ABLOY Hospitality Inc. warranted Defendant against redhibitory defects, or vices, in the locksets sold.

41.     To the extent the lockset the lockset on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly, it was a redhibitory defect which renders the lockset useless and/or so diminished its usefulness that Defendant would not have bought or

installed the lockset had Defendant known of the defect.

42.     The danger to people including Plaintiffs resulting from the redhibitory defects and/or vices related to locksets was foreseeable by ASSA ABLOY Hospitality Inc.

43.     To the extent the lockset on the room occupied by Plaintiffs on September 1, 2018 contained redhibitory defects and/or vices, Defendant was damages by the same including the cost of obtaining and installing the locksets, attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT VI
### TRESPASS TO CHATTELS/CONVERSION

44.     Paragraphs 1 through 43 are hereby incorporated by reference as if fully set forth in this paragraph.

45.     To the extent Defendant is found liable for the alleged robbery committed by Alaiya Benjamin, Jane Doe, and John Doe, Alaiya Benjamin, Jane Doe, and John Doe have wrongfully exercised or assumed authority over property rightfully belonging to Plaintiffs, depriving them of possession, and have wrongfully exerted dominion over such property inconsistent with the Plaintiffs' ownership rights but from which Defendant is liable.

46.     As a direct, natural and proximate result of Alaiya Benjamin, Jane Doe, and John Doe's conversion, Defendant has sustained losses including attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT VII
### UNJUST ENRICHMENT/QUANTUM MERUIT

47.     Paragraphs 1 through 46 are hereby incorporated by reference as if fully set forth in this paragraph.

48.     To the extent no enforceable contract between Defendant and Third-Party Defendants, and Defendant is found liable for the alleged acts perpetrated by Third-Party Defendants, Defendant alleges that Third-Party Defendants were unjustly benefited by their patronage and/or business relationship with Defendant, whereby Third-Party Defendants were given compensation to supply and install locksets and/or were provided access and occupancy to guests rooms on Defendant's Hotel Premises that were used in a manner that may expose Defendant to legal liability and costs and/or that .

49.     Notwithstanding the performance of its obligations from which Third-Party Defendants have derived benefit, Third-Party Defendants' have refused and otherwise failed to provide reimbursement for the compensation and/or value of the property acquired during their occupation and use of the Hotel Premises, yet have retained the benefit and use of the Hotel Premises and property acquired therefrom all to the detriment and expense of Defendant and/or Plaintiffs.

50.     As a direct and proximate result of Third-Party Defendants' actions, Defendant has suffered damages from the attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT VIII
### TRESPASS

51.     Paragraphs 1 through 50 are hereby incorporated by reference as if fully set forth in this paragraph.

52.     On September 1, 2018, Defendant had a possessory interest in the Hotel Premises.

53.     On September 1, 2018, Defendant and/or Plaintiffs had a possessory interest in Room 627.

54.     Alaiya Benjamin, Jane Doe, and John Doe's use of the Hotel Premises was without Defendant's consent.

55.     Alaiya Benjamin, Jane Doe, and John Doe's entry, use, and/or occupation of Room 627 was without Defendant's consent.

56.     Alaiya Benjamin, Jane Doe, and John Doe's entry, use, and/or occupation of Room 627 was allegedly without Plaintiffs' consent.

57.     Alaiya Benjamin, Jane Doe, and John Doe's entry, if any, into Room 627 was willful, intentional or, alternatively, unintentional, negligent and grossly negligent.

58.     Alaiya Benjamin, Jane Doe, and John Doe had no superior right to possession to Room 627 than that of Defendant and/or Plaintiffs at the time of the alleged incident.

59.     Alaiya Benjamin, Jane Doe, and John Doe's entry, if any, into Room 627 has caused damage to Defendant by interfering with Defendant and/ or Plaintiff's possessory interest in Room 627.

60.     As a result of Alaiya Benjamin, Jane Doe, and John Doe's entry into Room 627, if any, Defendant has suffered damages from the attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT IX
### ASSAULT

61.     Paragraphs 1 through 60 are hereby incorporated by reference as if fully set forth in this paragraph.

62.     Plaintiffs allege they suffered a "verbal assault" from Alaiya Benjamin, Jane Doe, and John Doe.

63.     To the extent Alaiya Benjamin, Jane Doe, and John Doe committed an intentional act or threat of action that reasonably caused Plaintiffs to feel afraid of impending violence, Defendant has suffered damages as a direct and proximate result therefrom, including the attorneys' fees and costs incurred in defending the underlying action, and any additional damages if Plaintiffs are successful in their action against Defendant.

### COUNT X
### NEGLIGENCE PER SE

64.     Paragraphs 1 through 63 are hereby incorporated by reference as if fully set forth in this paragraph.

65.     La. Rev. Stat. §§ 14:38, 14:63, 14:63.3, 14:67, and 14:69 were enacted for the safety of the public and to protect life and property.

66.     Upon information and belief, Alaiya Benjamin, Jane Doe, and John Doe's actions on September 1, 2018 may have violated La. Rev. Stat. §§ 14:38, 14:63, 14:63.3, 14:67, and/or 14:69 protecting public safety, property, and good order.

67.     Any violations by Alaiya Benjamin, Jane Doe, and John Doe of La. Rev. Stat. §§ 14:38, 14:63, 14:63.3, 14:67, and/or 14:69 constitutes a failure of Alaiya Benjamin, Jane Doe, and John Doe to abide by the standard of care prescribed by the Louisiana State Legislature.

68.     As a direct and proximate result of Alaiya Benjamin, Jane Doe, and John Doe's actions, including any violation of Louisiana Revised Statutes, Defendant has suffered damages from the attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs are successful in their action against Defendant.

## COUNT XI
### NEGLIGENCE

69.     Paragraphs 1 through 68 are hereby incorporated by reference as if fully set forth in this paragraph.

70.     Third-Party Defendants had a duty to use the Hotel Premises in a manner that did not interfere with the enjoyment and reasonable use of other occupants and guests of the hotel.

71.     ASSA ABLOY Hospitality Inc. had a duty to supply functioning locksets and competently install, and train its employees to install, the locksets in a manner that did not render them useless.

72.     Alaiya Benjamin, Jane Doe, and John Doe had a duty to refrain from entering into hotel rooms occupied by other hotel guests.

73.     Third-Party Defendants had a duty to use the Hotel Premises in a lawful manner.

74.     Alaiya Benjamin, Jane Doe, and John Doe breached that duty of care to the extent they negligently entered Room 627 without consent and/or acquired property belonging to Plaintiffs.

75.     To the extent the lockset on the room occupied by Plaintiffs on September 1, 2018 was not functioning properly or was incorrectly installed, ASSA ABLOY Hospitality Inc. breached their duty of care and was negligent in its installation of the lockset.

76.     As a direct and proximate result of Third-Party Defendants' actions, Defendant has suffered damages from the attorneys' fees and costs incurred in defending the underlying action, and it may have additional damages if Plaintiffs' are successful in their action against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Omni Hotels Management Corporation demands judgment against Third Party Defendants and prays for the following relief:

1.      All or a contributable portion of any sums which may be awarded or paid to Plaintiffs against or by Defendant, for attorney fees, costs, interest and/or for such other and further relief as this Court deems just and proper;

2.      Contribution and/or indemnity, as may be appropriate, for all or any portion of the sums for which Defendant may be adjudged liable to the Plaintiff herein, together with costs and disbursements and any other relief the Court deems just and equitable;

3.      All or part of any sums that may be adjudged against Defendant in favor of Plaintiffs;

4.      An award of attorneys' fees and costs in bringing and litigating this Amended Third-Party Complaint and in defending against Plaintiffs' Petition; and

5.      Such other further relief as is deemed just and proper by the Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Omni Hotels Management Corporation demands a jury trial in this case.


Dated: May 13th , 2019

                              Respectfully submitted,

                              SETLIFF LAW, P.C.


                    BY:    /s/ E. Jason S. Mackey_____
                           C. Stephen Setliff (*pro hac vice*)
                           Eli Jason S. Mackey (*pro hac vice*)
                           SETLIFF LAW, P.C.
                           4940 Dominion Boulevard
                           Glen Allen, Virginia 23060
                           Telephone:     (804) 377-1260
                           Facsimile:     (804) 377-1280
                           Email: ssetliff@setlifflaw.com

jmackey@setlifflaw.com

PHELPS DUNBAR

Allen C. Miller (Bar #26423)
Ashley J. Heilprin (Bar #34928)
Canal Place / 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  504-566-1311
Telecopier:  504-568-9130
Email:  millera@phelps.com
        Ashley.heilprin@phelps.com

**ATTORNEYS   FOR   DEFENDANT   OMNI
HOTELS MANAGEMENT CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13th day of May 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. Further, I hereby certify that on the 14th of May 2019, the foregoing document will be duly served by mailing a copy to the following persons not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Alaiya Benjamin
2333 Driftwood Dr. #436
Mesquite, TX 75150

Alaiya Benjamin
c/o Raúl E. Guerra, Jr.
Stephen Rue & Associates
Energy Centre
1100 Poydras Street
Suite 2900
New Orleans, LA 70163

ASSA ABLOY Hospitality Inc.
R/A CT Corporation System

3867 Plaza Tower Dr.
Baton Rouge, LA 70816

/s/ E. Jason S. Mackey